64D05-2109-CT-008417

Porter Superior Court 5

Filed: 9/16/2021 9:57 AM
Clerk
Porter County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER _____ COURT |
| | ) SS: | |
| COUNTY OF PORTER | ) | 2021 ANNUAL TERM |

BRIAN K. CASEY and )
LINDA CASEY, )
    Plaintiffs, )
   )
v. )    CAUSE NO:
   )
MENARD, INC., )
a foreign for-profit corporation, )
    Defendant. )

# COMPLAINT FOR DAMAGES

### COUNT I

Come now the Plaintiffs, Brian K. Casey and Linda Casey, by counsel, Dale J. Starkes, and complain of Defendant Menard, Inc., alleging as follows and say:

1. That at all relevant times, Plaintiffs were and are domiciled in the State of Indiana and reside in Starke County, Indiana.

2. That at all relevant times, Defendant corporation Menard, Inc. was and is a foreign for-profit corporation whose principal office address is at 5101 Menard Drive, Eau Claire, Wisconsin, 54703.

3. That the said corporation is registered to carry on business in the State of Indiana. That its registered agent for service is The Prentice-Hall Corporation System Inc., 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

4. That on October 12, 2019, Plaintiff Brian K. Casey was a business invitee at the Menard store located on Silhavy Drive in Valparaiso, Indiana, Porter County.

- 1 -

5. That Plaintiff Brian K. Casey entered the store to pick up a home siding order.

6. That Plaintiff Brian K. Casey walked through the main entrance and into the store to the order pickup section. That he was instructed by two of the Menard Inc. associates to follow them to the lumber storage area to pick up his order.

7. That the siding order was stacked 11 feet off the ground inside a wooden receptacle with four arms which looked like an inverted table and was sitting on a metal rack. The associates referred to this as a "coffin".

8. That the siding was to be taken down from the metal rack by a forklift operated by one of the Menard Inc. associates. That when he put the forks under the edge of the "coffin" and began to raise it up, a wooden crate which had been negligently placed on top of the end of the "coffin" fell off the stack, hitting the ground on one end of the crate, flipping over, and striking Plaintiff Brian K. Casey in the left shoulder and arm causing him injury.

9. That Plaintiffs contend that Menard Inc. associates had negligently loaded the storage area and by overlapping the wooden crate on top of the edge of the siding "coffin", they created this situation causing Plaintiff Brian K. Casey to be injured.

10. That as a result of the injury, Plaintiff Brian K. Casey has sustained ongoing head, neck, shoulder, and arm pain which has limited his use of his upper left extremity. The injury also caused him to have ringing in both ears and head pain which he did not have before the incident.

11. That Plaintiff Brian K. Casey has received medical care and has nerve damage associated with the injury which limits his ability to utilize the upper left extremity, affects his activities of daily living, and has caused him pain and

suffering. That the head pain and ringing in the ears affects his concentration, memory, and ability to sleep.

12. That Plaintiff Brian K. Casey believes he should be entitled to compensation for his damages including medical expenses, pain and suffering, and for the effects the injuries have had on his activities of daily living in an amount to be assessed by the trier of fact.

13. That Plaintiff Brian K. Casey further contends that he is without comparative negligence and that he was following all instructions from Menard Inc. associates who directed him to come to the location where the siding was located and that he had no knowledge of the negligent condition that created his injury.

WHEREFORE, Plaintiffs Brian K. Casey and Linda Casey, by counsel, pray for judgment against Menard, Inc. in an amount sufficient to compensate them for their loss, for the costs of this action, and for all other just and proper relief in the premises.

## COUNT II

Comes now Plaintiff Linda Casey, by counsel, Dale J. Starkes, and complains of Defendant, Menard, Inc., alleging as follows and say:

1-13. That the Plaintiff Linda Casey incorporates by reference rhetorical paragraphs 1 through 13 of Count I of this Complaint.

14. That at all times relevant hereto, the Plaintiff Linda Casey was and is the wife of the Plaintiff Brian K. Casey.

15. That as a direct and proximate result of the injuries sustained by Plaintiff Brian K. Casey and due to the negligence and carelessness of Defendant Menard, Inc.,

Plaintiff Linda Casey has suffered, and will continue to suffer, a loss of care, society, consortium and services of Plaintiff Brian K. Casey.

WHEREFORE, Plaintiff Linda Casey, by counsel, prays for judgment in her favor and against Defendant Menard, Inc. for reasonable compensatory damages for the loss of care, society, consortium and services of Plaintiff Brian K. Casey, for the costs of this action and for all other just and proper relief in the premises.

>Respectfully submitted,
>
>**STARKES LAW OFFICE**
>
>_/s/ Dale J. Starkes_
>_____
>Dale J. Starkes, #679-66
>Attorney for Plaintiffs
>P.O. Box 100
>Winamac, IN 46996
>Telephone: (574) 946-6621

## JURY DEMAND

Comes now Plaintiffs Brian K. Casey and Linda Casey, by counsel, Dale J. Starkes, and demand trial by jury in this matter.

>_/s/ Dale J. Starkes_
>_____
>Dale J. Starkes